UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER A. WILBORN, JR,

    Plaintiff,

v.                                        CASE NO. 8:11-cv-2249-T-30MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks judicial review of the Commissioner's decision denying his claims for a period of disability and disability insurance benefits ("DIB"). He raises several errors but only one requires any discussion – whether the ALJ supported the rejection of his testimony at to the effects of his asthma with substantial evidence. Because I find the ALJ misstated the medical record and the error was not harmless, I recommend the matter be remanded for further administrative proceedings consistent with this report.[1]

    *A. Standards*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

---

[1] The district judge referred the matter to me for a report and recommendation. Local Rule 6.01(c)(21).

to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual

findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. 42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for clarification).

*B. Discussion*

Plaintiff, who was forty-six years old at the time of his administrative hearing, has worked as a master auto mechanic, janitor, and construction worker. He alleges a disability onset date of April 12, 2007, due to bronchial asthma, degenerative disc disease, allergic rhinitis, arthritis, and scoliosis. However, his main health issue is his persistent asthma and particularly his ability to function in environments that aggravate his condition, which seem to be many and varied. The ALJ agreed his asthma was severe (but not the other impairments); nevertheless, it did not meet the listing 3.02A (20 C.F.R. Part 404, Subpart P, Appendix 2, 3.02A).[2] At step four of the sequential analysis, the ALJ determined the

---

[2] The Plaintiff disputes that finding. Given my recommendation for remand, I find it unnecessary to discuss the issue in any detail other than to remark that the reasons the Commissioner gives for rejecting the claim are convincing (doc. 17 at pp. 4-9). Nonetheless, that the Plaintiff closely approximated the applicable listing, which is *per se* evidence of disability, underscores that he suffers from severe chronic pulmonary insufficiency.

3

Plaintiff could perform at a medium work level but that his impairment prohibited from doing a wide-range of jobs, including his prior work.[3] After consulting a vocational expert, the ALJ found the Plaintiff could perform other work in the national economy.[4] In reaching this step-five conclusion, the ALJ rejected the Plaintiff's testimony using the standard language this Court often sees: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible and would not preclude … [work at the medium level with certain restrictions]." *See* R. 22. For support, the ALJ observed the Plaintiff's VA records showed him in "no acute distress or with no crackles or wheezing" and that he continues to smoke (R. 22).

The Plaintiff complains this finding was error, asserting the record is replete with progress notes reporting his wheezing (the Plaintiff cites 14 instances dating from March 2007 through May 2009). In turn, the Commissioner concedes the point but discounts the ALJ's mistake as a harmless error, adding that many asthmatics wheeze (it is the nature of the disease), that other progress notes report no evidence of wheezing, and that the ALJ accurately reported the Plaintiff continued to smoke in spite of his disease. I do not find

---

[3] The regulations define medium work as: "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work. 20 C.F.R. § 404.1567(c).

[4] The ALJ is the Commissioner's final decision-maker.

these reasons persuasive, particularly given that at step five of the analysis the Commissioner bears the burden proving the Plaintiff is not disabled.

The applicable standard is a familiar one. The Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. § 404.1529. "Objective evidence" means medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. § 404.1528. "Other evidence," as that term is used here, includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. § 404.1512(b)(2)-(6). The Eleventh Circuit's standard incorporates this scheme by requiring: evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged symptom arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged symptom. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995) (assessing pain as a symptom). The ALJ notes this standard but does not faithfully apply it. Wheezing is both a symptom and a physical finding, and wheezing in a patient with a known history of asthma is usually presumed to represent an exacerbation. *See* http://www.merckmanuals.com/professional/pulmonary_disorders/symptoms_of_pulmonary_disorders/wheezing.html. Thus, the Commissioner's observation that wheezing is common in asthmatics is a generalization without any particular significance to this case. What is more relevant is that the Plaintiff presents a longitudinal record of wheezing in spite

of close monitoring and treatment, a fact the Commissioner does not address.

This error here would be harmless if the ALJ's remaining reason for rejecting the Plaintiff's testimony – the failure to follow doctor's instructions to quit smoking – substantially supported the decision. But that is not the case. While the regulations dictate that a claimant's refusal to follow prescribed medical treatment without good reason will preclude a finding of disability, *see* 20 C.F.R. § 416.930(b), to deny benefits on this ground requires the ALJ to find that had the claimant followed the prescribed treatment, the claimant's ability to work would have been restored. *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988); *Shramek v.* Apfel, 226 F.3d 809, 813 (7th Cir. 2000) ("One does not need to look far to see persons with emphysema or lung cancer – directly caused by smoking – who continue to smoke, not because they do not suffer gravely from the disease, but because other factors such as the addictive nature of the product impacts their ability to stop. This is an unreliable basis on which to rest a credibility determination."); *Seals v. Barnhart*, 308 F.Supp. 2d 1241, 1250-52 (N.D. Ala. 2004). The ALJ did not make this finding and the failure to do so was error.

Another reason undercuts the ALJ's credibility assessment of the Plaintiff's testimony. When the ALJ rejected the persistence, pace, and severity of the Plaintiff's subjective complaints (as well as the severity of those regarding his physical ones), the ALJ discounted the VA's decision that found the Plaintiff 100% disabled as February 9, 2006, due to his asthma. Indeed, the ALJ assigned "little weight" to the VA's decision, stating the VA's guidelines vary from the SSA's sequential analysis and, in any event, the VA's

disability finding seemed conditioned on the Plaintiff's daily use of steroids to control his asthma (R. 22). Admittedly, the VA's assessment is not binding on the Commissioner, but the ALJ's dismissive view of the decision is flawed. The Eleventh Circuit requires the Commissioner to give the VA's assessment "great weight," and the ALJ did not do this. *Brady v. Heckler,* 724 F.2d 914, 921 (11th Cir. 1984); *Olson v. Schweiker,* 663 F.2d 593, 597 (5th Cir. 1981).[5]

*C. Conclusion*

For the reasons stated, I recommend judgment be entered for Plaintiff with directions to remand the matter for further administrative proceedings consistent with this report.

IT IS SO REPORTED at Tampa, Florida on January 22, 2013.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[5] The *Olson* court's comment is applicable here: "It is ironic the ALJ relies on V.A. medical reports for his conclusion that claimant is not disabled while at the same time he gives very little weight to the V.A.'s recent increase in claimant's service connected disability rating from 40% to to 70%. Although the V.A.'s disability rating is not binding on the Secretary of Health and Human Services, it is evidence that should be given great weight." 663 F.2d at 597 n. 4.

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).


cc: Hon. James S. Moody, Jr.
      Counsel of Record