**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WALTER A. WILBORN, JR.,**

    **Plaintiff,**

v.                                                              Case No.  8:11-cv-2249-T-30MAP

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 (Dkt. 21) and Plaintiff's Attorney's Affidavit Supporting Motion for Award of Attorney's Fees (Dkt. 22). The Court, having reviewed the motion and affidavit, concludes the Plaintiff should be awarded attorney's fees in the amount of $1,004.69.

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), allows courts to award "fees and other expenses," in addition to the costs prescribed in § 1920, to the prevailing party in a civil action brought by or against the United States.  These additional "fees and other expenses" include "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A). To receive costs under § 2412(d), a litigant must meet several procedural requirements.  The application must be filed within thirty days of final judgment, it must allege that the position of the United States was not substantially justified, and that the party is eligible to receive

an award. For an individual, eligibility turns on whether the person's "net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B)(I). The government does not dispute any of these requirements and a review of the record indicates all these conditions have been met, thus entitling Plaintiff to an award of attorney's fees.

The EAJA specifies that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Courts allow a cost-of-living adjustment to the EAJA-capped rate by using the Bureau of Labor Statistics' Consumer Price Index. *Conservation Force v. Salazar*, – F. Supp. 2d –, 2013 WL 66210, at *9 (D.D.C. Jan. 7, 2013); *Killings v. Colvin*, 2013 WL 1455818, at *5 (N.D. Ohio Apr. 9, 2013). The Court applies the "Southern" CPI figures instead of the "U.S. City Average" because the prevailing party must show that requested rates are in accordance with those in the prevailing community, not the nation. *See Killings*, 2013 WL 1455818, at 5.

For each year in which services were performed (2011, 2012, 2013), the Court has calculated the ratio between the CPI rate that year and the CPI rate in March of 1996 and used that ratio as a multiplier to augment the $125 rate. The calculation for a cost-of-living increase between March 1996 and 2011 based on the "Southern" CPI for "all items" for "all urban consumers" is 218.618 divided by 152.4 and then multiplied by $125.00, which equals $179.31. For 2012, it is 223.242 divided by 152.4 and then multiplied by $125.00, which

equals $183.11. For 2013, the Court applies the March 2013 CPI of 226.628 divided by 152.4 and then multiplied by $125.00, which equals $185.88.

Plaintiff's attorney submitted an affidavit stating he spent 1.0 hours in 2011, which equals $179.31. He stated he spent 4.0 hours in 2012, which equals $732.44. He stated he spent .5 hours in 2013, which equals $92.94. The sum of these attorney's fees is $1,004.69.[1]

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 (Dkt. 21) is GRANTED in part as stated herein.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $1,004.69.

3. This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida on April 24, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-2249.attorneysfees.frm

---

[1] Plaintiff calculated his attorney's fees as totaling $1010.03. Because Plaintiff's counsel did not specify how he arrived at this number, the Court is unable to address the small discrepancy between its figures and the requested attorney's fees.